Citation Nr: 1607944 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 09-42 341A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death, to include entitlement to recognition of the appellant as the Veteran's surviving spouse for the purposes of establishing entitlement to Dependency and Indemnity Compensation (DIC) benefits.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Bonnie Yoon, Associate Counsel


INTRODUCTION

The Veteran served on active duty with the United States Navy from March 1966 to November 1969. He died in May 2007. The appellant seeks benefits as his surviving spouse

This issue comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a November 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York.

This matter was previously before the Board in July 2014, when it was remanded for further development, to include adjudication of the matter of whether the appellant may be recognized as the surviving spouse of the Veteran for VA benefits purposes. Subsequent to the issuance of the July 2015 Supplemental Statement of the Case (SSOC), the appellant, via her representative, submitted a waiver of the 30 day waiting period following issuance of the SSOC in which she indicated that she did not have any additional evidence regarding the appeal and asked that the case be immediately forwarded to the Board. It has now been returned to the Board for further appellate review. 
 
The appellant had requested a video conference hearing before the Board, and the requested hearing was scheduled for October 2012. However, the appellant's representative indicated in September 2012 that she wished to cancel the hearing. The hearing request is therefore withdrawn. 38 C.F.R. § 20.702(e).

The Board has reviewed the Veteran's Veterans Benefits Management System (VBMS) electronic file as well as the files maintained in the Virtual VA system to ensure consideration of the totality of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

As indicated in the Board's July 2014 remand, the appellant seeks entitlement to service connection for the cause of the Veteran's death, as the surviving spouse of the Veteran, who died in May 2007.

When a veteran dies, his or her surviving spouse may be eligible to VA death benefits, to include Dependency and Indemnity Compensation (DIC), based on recognition as the surviving spouse of the Veteran. 38 U.S.C.A. § 1541. VA DIC benefits are payable to a surviving spouse who was married to a veteran: (1) within 15 years of the end of the period of service in which the injury or disease causing the veteran's death was incurred or aggravated; or (2) one year or more; or (3) for any period of time if a child was born of the marriage, or was born to them before the marriage. 38 C.F.R. § 3.54(c).

Status as a surviving spouse is a threshold requirement for death compensation benefits. As pertinent to this case, a surviving spouse for VA purposes must have lived with the veteran continuously from the date of marriage to the date of the veteran's death except where there was a separation which was due to the misconduct of, or procured by, the veteran without fault of the spouse. 38 C.F.R. §§ 3.50(b)(1), 3.53.

In this case, the Veteran and the appellant were married in February 1975 and were not divorced at the time of the Veteran's death. At an August 2002 VA PTSD examination the Veteran indicated that he had been separated from his wife for the prior four and a half years. In June 2007 and September 2015 statements, the appellant indicated that the Veteran relocated to Florida to escape the harsh winters which had greatly affected and worsened his health. The appellant also indicated in her September 2015 statement that due to her job and raising their daughter, she was unable to leave New York. She stated that she remained close with the Veteran in a continued effort to resolve any martial problems. 

Because the evidence in the claims file suggested that the Veteran and appellant were married, but separated at the time of his death in May 2007, the July 2014 remand directed the RO to determine in the first instance the effect of the separation prior to the Veteran's May 2007 death on whether the appellant may be recognized as the surviving spouse for VA benefits purposes in this case. However, in a July 2015 SSOC, the Appeals Management Center (AMC) denied service connection for the cause of the Veteran's death, only stating that the evidence did not indicate the Veteran's death was the result of any condition incurred in aggravated during service or manifested within a one year period following service, and that a service-connected condition did not materially contribute to his cause of death. The AMC also found that because the Veteran's death was not found to be service-connected, the issue of whether the appellant may be recognized as the Veteran's surviving spouse represented a moot issue. 

However, the initial question/issue that must be addressed first is the appellant's status as a surviving spouse for purposes of consideration for VA death benefits. If it is determined that the appellant is not recognizable as the Veteran's lawful surviving spouse, then she in turn does not have standing to bring a claim for service connection for the cause of Veteran's death, and any such issue becomes moot. Since the July 2014 remand directives were not complied with, remand is again required for the AOJ to determine in the first instance the effect of the separation prior to the Veteran's May 2007 death on whether the appellant may be recognized as the surviving spouse in this case. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should adjudicate the issue of whether the appellant should be recognized as the surviving spouse of the Veteran for purposes of DIC benefits. If the appellant should be recognized as the surviving spouse of the Veteran for purposes of DIC benefits, undertake any further development deemed necessary.

2. After completing the above, and any other development deemed necessary, the AOJ should then, based on all of the evidence of record, readjudicate the claim of service connection for the cause of the Veteran's death. If the benefit sought on appeal is not granted, the appellant and her representative should be furnished with an SSOC and afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).